Hillsborough
No. 88-345

THE STATE OF NEW HAMPSHIRE

v.

ANTHONY FREDERICK

November 13, 1989

*John P. Arnold,* attorney general (*Ellen F. McCauley,* attorney, on the brief and orally), for the State.

*Paul J. Haley,* of Hillsborough, by brief and orally, for the defendant.

### MEMORANDUM OPINION

SOUTER, J. In the defendant's trial for driving under the influence of intoxicating liquor, RSA 265:82 (Supp. 1988), the Superior Court (*M. Flynn,* J.) overruled his objection to the introduction of a form he had signed, indicating his refusal to provide a breath sample to test for blood alcohol content under the implied consent law, RSA 265:84 (Supp. 1988), :88-a (Supp. 1988), :92 (Supp. 1988). The defendant maintains that the ruling abridged his privilege against compelled self-incrimination under the fifth and fourteenth amendments of the National Constitution and part I, article 15 of the Constitution of New Hampshire. We affirm.

Introducing evidence of an oral refusal under an implied consent law was sustained as against a self-incrimination objection under the fifth amendment in *South Dakota v. Neville,* 459 U.S. 553 (1983), and under part I, article 15 in *State v. Cormier,* 127 N.H. 253, 499 A.2d 986 (1985). Each court held that the choice to provide or refuse the sample for testing was not "coerced," *Neville, supra* at 564, or "compelled," *Cormier, supra* at 258–60, 499 A.2d at 989–91, so as to implicate the respective guarantees of the privilege.

The defendant recognizes that the form he signed was introduced for the same purpose as the evidence of oral refusal considered in those cases. He seeks, nevertheless, to distinguish an oral refusal following a request for an oral response, subject to evidentiary use under *Neville* and *Cormier*, from a refusal, whether oral or written, of a request to indicate his choice on a written form, arguing that the latter is coerced or compelled in a constitutional sense that the former is not.

The source of any such distinguishing compulsion is not apparent, however. His counsel goes no further, indeed, than to claim the presence of a "subtle coercion" to sign the form, suggesting that a "trier of fact could potentially read more into a refusal to sign . . . when the defendant merely chose to exercise his right to say or do nothing. His refusal could be construed as a lack of cooperation or a lack of ability or even belligerence."

This, however, does not get beyond grasping at conjectural straws. It is not obvious to us why a trier of fact would read more into a refusal to sign a form than an oral refusal when an oral response was called for, or why the former might suggest belligerence when the latter would not. It is equally speculative to suggest that the refusal to sign might be taken to indicate a greater degree of impairment, but even if that were so it would be nothing more than a further inducement for the defendant to exercise his statutory option of providing a sample or taking the test. *See South Dakota v. Neville*, 459 U.S. at 563; *Cormier*, 127 N.H. at 258, 499 A.2d at 989. Finally, the implication of a lack of cooperation is inherent in any refusal, whether or not a written response is requested, and is the source of its evidentiary relevance as tending to show a defendant's consciousness of an impaired ability to drive.

We hold there is no constitutionally significant distinction between an oral refusal when an oral response is requested under the implied consent law, and a refusal to a request to respond in writing, and we affirm the conviction on the authority of *Neville* and *Cormier*.

*Affirmed.*

All concurred.